[Doc. No. 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WALTER BARKER and VERONICA BARKER,<br><br>    Plaintiffs,<br><br>  v.<br><br>McALLISTER TOWING OF PHILADELPHIA, INC., and TASMAN MERMAID SCHIFFAHRTS, and WILLIAM SOUTHARD,<br><br>    Defendants. | Civil No. 08-2910 (AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

In the summary judgment motion presently before the Court, Defendant McAllister Towing of Philadelphia, Inc. (hereinafter, "McAllister"), seeks contribution from Defendant Tasman Mermaid Schiffahrts (hereinafter, "Tasman Mermaid") for the maintenance and cure payments that McAllister made to or on behalf of Plaintiff Walter Barker. The parties have stipulated that McAllister and Tasman Mermaid were both at fault for causing the injury to Plaintiff,[1] who was injured while working as a member of the crew

_____

1.   The Court notes that Veronica Barker is also a plaintiff in this matter, but for purposes of this Memorandum Opinion and Order, references to "Plaintiff" shall be solely to Plaintiff Walter Barker.

aboard a vessel operated by McAllister.  The Court[2] has considered the submissions of counsel and has decided this matter pursuant to FED. R. CIV. P. 78.  For the reasons that follow, McAllister's motion for summary judgment is granted.

The following facts are undisputed.  On July 10, 2007, Plaintiff sustained an injury while working as a member of the crew aboard the tug M/V NANCY MCALLISTER (hereinafter, the "Vessel"). (Def. McAllister's Rule 56.1 Statement [Doc. No. 36] ¶¶ 1, 6.)[3]  At the time of the incident, the Vessel was assisting the M/V TASMAN MERMAID in undocking.  (Id. at ¶ 3.)[4]  McAllister was the operator of the Vessel, and Tasman Mermaid was the owner of the M/V TASMAN MERMAID.  (Id. at ¶¶ 4-5.)  Since the time of Plaintiff's injury,

_____

2.   The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), FED. R. CIV. P. 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey.

3.   Although not specifically articulated in the Statement of Undisputed Material Facts, the Court notes that in the Answer to Plaintiffs' Second Amended Complaint, McAllister admits that Plaintiff was employed by McAllister as a member of the crew of the Vessel.  (Decl. of Gordon S. Arnott, Esq. [Doc. No. 37], dated Dec. 1, 2009, Ex. A. ¶ 12.)

4.   Plaintiff alleges in the Second Amended Complaint that while the M/V TASMAN MERMAID was undocking, a line that had been secured from the Vessel to the M/V TASMAN MERMAID "was let go by the crew of the M/V TASMAN MERMAID and dropped into the [Delaware] river," and the line then "sprang up and struck the Plaintiff Walter Barker," purportedly causing him to suffer physical injuries including injuries to his right leg, a fractured right rib, and other "orthopedic, neurological and internal injuries[.]"  (Second Am. Compl. [Doc. No. 12] ¶¶ 16, 17, 20.)

McAllister has provided payments in the amount of $233,027.03 for maintenance and cure to Plaintiff and his medical providers. (Id. at ¶ 10.)

On June 13, 2008, Plaintiff filed this action pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law asserting, inter alia, a claim for maintenance and cure against McAllister, and claims for negligence and unseaworthiness against McAllister, Tasman Mermaid, and Defendant William Southard. (Id. at ¶ 2; see also Second Am. Compl. [Doc. No. 12] ¶ 2.) Tasman Mermaid filed an answer and crossclaims against McAllister and Southard. (Answer of Def. Tasman Mermaid Schiffahrts to Pl.'s Am. Compl. with Affirmative Defenses and Crossclaims [Doc. No. 4] 6-8.) McAllister filed an answer and crossclaims for indemnification or contribution against Defendants Tasman Mermaid and Southard. (Decl. of Gordon S. Arnott, Esq. [Doc. No. 37], dated Dec. 1, 2009, Ex. A. 7-9.) Plaintiffs ultimately settled their claims against McAllister and Tasman Mermaid for the sum of $425,000.00, with McAllister and Tasman Mermaid each paying $212,500.00. (Def. McAllister's Rule 56.1 Statement [Doc. No. 36] ¶¶ 8, 9.)[5] In connection with the settlement, McAllister and Tasman Mermaid entered into a

---

5. The $425,000.00 settlement amount excluded the maintenance and cure payments in the amount of $233,027.03. (Br. of Def. Tasman Mermaid Schiffahrts in Opp. to the Mot. for Summ. J. of Def. McAllister Towing of Philadelphia, Inc. [Doc. No. 39] 12 n.5.)

stipulation that each defendant was "50% percent at fault for causing the injury to Walter Barker." (Id. at ¶ 8.)  McAllister and Tasman Mermaid further stipulated that McAllister's crossclaim against Tasman Mermaid for fifty percent of the maintenance and cure paid to or on behalf of Plaintiff was an issue to be decided by the Court upon motion.  (Id.)[6]

McAllister now seeks an order granting summary judgment on its crossclaim for indemnification or contribution against Tasman Mermaid in the amount of $116,513.51, which represents fifty percent of the maintenance and cure payments provided by McAllister to Plaintiff and his medical providers.[7]  (Def. McAllister's Mem. of Law in Supp. of Mot. for Summ. J. [Doc. No. 35] 9.)  In support, McAllister asserts that in light of the stipulation between the

6.  The Court notes that Plaintiff filed a second amended complaint pursuant to a Stipulation and Order dated October 30, 2008.  Defendants Southard and McAllister each filed an answer to the second amended complaint as well as crossclaims against each other and Tasman Mermaid.  Although Tasman Mermaid has not filed an answer to the crossclaim asserted by McAllister, as noted McAllister and Tasman Mermaid have entered into a stipulation agreeing to submit to the Court for resolution McAllister's crossclaim against Tasman Mermaid for contribution.

7.  "Indemnity permits the indemnitee 'to shift all the loss onto another tortfeasor', whereas contribution 'requires that each tortfeasor pay the proportion of the damages attributable to its actions.'"  Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1012 n.3 (5th Cir. 1994) (quoting Hardy v. Gulf Oil Co., 949 F.2d 826, 830 (5th Cir. 1992)).  In this case, because the parties stipulated that McAllister and Tasman Mermaid are each fifty percent at fault for the injury to Plaintiff, McAllister's claim is for contribution rather than indemnity.

parties, there is no dispute that Tasman Mermaid is fifty percent at fault for causing the injury to Plaintiff.  (Id. at 3.) McAllister thus argues that Tasman Mermaid is responsible, as a matter of law, for its proportionate share of the maintenance and cure payments provided on behalf of Plaintiff.  (Id. at 7-8.) McAllister further argues that, as a matter of equity, summary judgment should be granted in favor of McAllister given that McAllister "is only 50% at fault for causing the Plaintiff's injury, [but] has paid 100% of the $233,027.03 cost of maintenance and cure."  (Id. at 8.)

In opposition, Tasman Mermaid contends that it "is entitled to judgment in its favor as a matter of law with respect to McAllister's claims for indemnification and/or contribution for maintenance and cure payments made to, or on behalf of, plaintiff Walter Barker[.]"  (Br. of Def. Tasman Mermaid Schiffahrts in Opp. to the Mot. for Summ. J. of Def. McAllister Towing of Philadelphia, Inc. [Doc. No. 39] (hereinafter, "Def.'s Opp. Br.") 1.)  Tasman Mermaid asserts that McAllister's crossclaim does not specifically seek reimbursement for the maintenance and cure payments made to Plaintiff.  (Id. at 5.)  Tasman Mermaid distinguishes the cases cited by McAllister in support of the summary judgment motion, noting that here, McAllister stipulated to being fifty percent at fault for Plaintiff's injury and, as such, is not an "innocent

employer." (Id. at 5, 8-12.)  Moreover, Tasman Mermaid argues that McAllister has a "contractually-based legal duty to pay maintenance and cure benefits to an employee who becomes injured or sick while in the service of the vessel, regardless of any fault or negligence on the part of the shipowner." (Id. at 12-13.)  Because McAllister's duty to pay maintenance and cure "is owed irrespective of any negligence . . . on the part of Tasman Mermaid[,]" and because Tasman Mermaid has already contributed fifty percent "to the settlement of plaintiffs' tort claims for negligence and unseaworthiness," Tasman Mermaid argues that it should as a matter of equity "not now be required to reimburse McAllister for the contractual obligation McAllister owes by law to its employee[.]" (Id. at 13.)

A court may grant summary judgment when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law." See id. "Factual

6

disputes that are irrelevant or unnecessary will not be counted."
<u>Id.</u>

In the present case, the undisputed facts are that McAllister, Plaintiff's employer, has paid maintenance and cure to Plaintiff or on his behalf in the amount of $233,027.03 and that McAllister and Tasman Mermaid have stipulated that they are each fifty percent at fault for causing the injury to Plaintiff.  As noted <u>supra</u>, the legal issue presented in this motion is whether an employer -- that is, McAllister - may obtain contribution from a third-party tortfeasor -- that is, Tasman Mermaid -- for the maintenance and cure payments made on behalf of the injured seaman when the employer and third-party tortfeasor are each partially at fault for causing the injury to the seaman.

"Under general maritime law, a member of a ship's crew who was injured or became ill while serving onboard the vessel could recover 'maintenance and cure' from the shipowner/employer." <u>O'Connell v. Interocean Mgmt. Corp.</u>, 90 F.3d 82, 84 (3d Cir. 1996). A seaman's "'right to maintenance and cure is an ancient right given to seamen by the maritime law.'" <u>Id.</u> (quoting <u>Jordine v. Walling</u>, 185 F.2d 662, 665 (3d Cir. 1950)).  "The remedy of 'maintenance and cure' is a contractual obligation, which is independent of the shipowner's negligence or even the seaman's own negligence[.]"  <u>Id.</u> (citing <u>Aquilar v. Std. Oil Co.</u>, 318 U.S. 724,

730-31, 63 S. Ct. 930, 87 L. Ed. 1107 (1943)).

The Third Circuit, applying Pennsylvania law, has previously held that an employer has the right to recover maintenance and cure from a third-party tortfeasor whose negligence caused the seaman's injury. Jones v. Waterman S.S. Co., 155 F.2d 992, 999 (3d Cir. 1946). In Jones, a seaman employed by the defendant was injured on shore when he fell into an open ditch along a railway siding owned and operated by a third party. Id. at 994. The seaman brought an action against the employer to recover maintenance and cure and wages, and the employer impleaded the third-party owner of the railway siding. Id. In deciding whether the employer had a cause of action against a third-party tortfeasor if the employer was compelled to pay maintenance and cure, the court in Jones concluded that an employer could recover from a third-party tortfeasor the sums which it would be compelled to expend for its employee's maintenance and cure, if the third-party negligence was found to be the cause of the employee's injuries. Id. at 1000, 1001.

Tasman Mermaid argues that Jones is not controlling because it "dates back more than sixty years" and because the Court in Jones "looked to Pennsylvania law, not maritime law[.]" (Def.'s Opp. Br. 8.)[8] The Court rejects both arguments. Jones has not been limited

---

8. The parties do not specifically address whether federal maritime law or state law governs McAllister's contribution claim against Tasman Mermaid. Because the injury to Plaintiff did not

to cases in which Pennsylvania law controls, and courts "'have viewed [Jones] as standing for a broader rule.'"   Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1014 (5th Cir. 1994) (citations omitted).   Moreover, Jones has not been overruled, and several courts have since articulated the same principle set forth in Jones that a third-party tortfeasor may be liable for maintenance and cure payments.   See, e.g., Black v. Red Star Towing & Transp. Co., Inc., 860 F.2d 30, 34 (2d Cir. 1988) (en banc) (court held that third-party tortfeasor was required to reimburse plaintiff's employer for maintenance and cure in amount proportionate to third-party tortfeasor's liability, noting that "total contribution, often called indemnity, is owed to the shipowner-employer where a third-party tortfeasor is entirely at fault."); Savoie v. LaFourche Boat Rentals, Inc., 627 F.2d 722 (5th Cir. 1980) (holding that "a seaman's innocent employer is entitled to reimbursement from a third party for maintenance and cure payments made necessary by the third party's negligence, even though the seaman himself was partially responsible for his

---

occur on land, the Court finds that federal maritime law governs the contribution claim in this case.  See, e.g., Gauthier v. Crosby Marine Service, Inc., 752 F.2d 1085, 1090-91 (5th Cir. 1985) (concluding that state law, rather than maritime law, applied to case because tort occurred on shore, and noting principle that "[t]orts occurring at sea have traditionally been within the jurisdiction of federal maritime law.").

injury."); Int'l Cruise Shops, Ltd. v. MCI Express, Inc., No. Civ. A. 06-0403, 2006 WL 2869531, at *3 (E.D. Pa. Oct. 5, 2006) ("A shipowner may assert a claim of indemnity against a third party for maintenance and cure payments made to its seaman injured as a result of the third party's negligence.").[9]

Tasman Mermaid further argues that even if the decision in Jones controlled, this case presents a different issue than the issue addressed in Jones because Plaintiff's injury was not caused solely by Tasman Mermaid, the third-party tortfeasor. (Def.'s Opp.

---

9. Tasman Mermaid also argues that McAllister is not entitled to reimbursement for maintenance and cure because McAllister's obligation to pay maintenance and cure arises out of a contract with its employee, irrespective of the employer's or a third party's liability. (Def.'s Opp. Br. 6-7, 12-13.) Tasman Mermaid fails to cite any authority to support this argument. As noted in McAllister's reply brief, Tasman Mermaid's argument is akin to the holding of The Federal No. 2, 21 F.2d 313, 314 (2d Cir. 1927), in which the Second Circuit held that because maintenance and cure stems from a contractual relationship between the seaman and the employer, the employer cannot recover the costs of maintenance and cure from a third-party tortfeasor absent a contractual or other legal relationship between the employer and the tortfeasor. (McAllister's Reply Mem. of Law in Response to Tasman's Opp. to McAllister's Mot. for Summ. J. [Doc. No. 40] 1.) However, the Second Circuit has since "abandoned" its decision in The Federal No. 2. See Black, 860 F.2d at 34 ("Accordingly, after sailing in Second Circuit waters for six decades, The Federal No. 2 formally is abandoned."); see also Int'l Cruise Shops, 2006 WL 2869531, at *2 n.4 ("The Federal No. 2 has been rejected by the vast majority of courts, including the Second Circuit itself in Black[.]"). Moreover, as noted supra, the Third Circuit in Jones did not follow The Federal No. 2 and instead found that an employer is entitled to recover from a third-party tortfeasor maintenance and cure payments made on behalf of an injured seaman.

Br. 8.)  Here, the employer, that is, McAllister, has stipulated that it too is partially liable for Plaintiff's injury.  Thus, the issue presented is whether McAllister is entitled to recover maintenance and cure payments from Tasman Mermaid when McAllister's negligence also contributed to Plaintiff's injury.  The Fifth Circuit addressed this issue in Adams v. Texaco, Inc., 640 F.2d 618, 619 (5th Cir. 1982), a case in which an injured seaman, whose negligence contributed to his injury, brought suit against his employer and a third party, who were each also partially negligent in causing the employee's injury.  The Fifth Circuit noted its prior holding that "a tortfeasor is required to indemnify the non-negligent shipowner for maintenance and cure payments that result from the tortfeasor's negligence[,]" which was based on the principle "'that a party whose neglect has caused or contributed to the need for maintenance and cure payments should reimburse the cost of those payments, which would otherwise be borne by a non-negligent or passively negligent employer.'"  Adams, 640 F.2d at 620 (quoting Savoie, 627 F.2d at 627-28).  The Fifth Circuit further noted that such principle "equally supports the conclusion that a concurrently negligent tortfeasor should proportionately contribute to maintenance and cure paid by a negligent shipowner when the latter's negligence only concurrently contributed to the seaman's injury."  Id. at 621.  Similarly, in Great Lakes Dredge &

11

Dock Co. v. Tanker Robert Watt Miller, 92 F.3d 1102, 1104, 1107 (11th Cir. 1996), where both the employer and third-party tortfeasor were partially responsible for injuries to seamen, the Eleventh Circuit noted that "the only way to apportion the cost of maintenance and cure among all tortfeasors responsible for the harm to seamen is to allow claims for contribution[,]" because "[o]therwise, a shipowner would simply always be liable for all of its maintenance and cure expenses, despite some degree of fault on the part of other joint tortfeasors." See also Aljalham v. Am. S.S. Co., No. Civ. A. 08-14043, 2010 WL 2740087, at *5-6 (E.D. Mich. July 12, 2010) (denying third-party tortfeasor's motion for summary judgment on contribution claim by shipowner/employer, noting that "where a shipowner whose negligence contributed to a seaman's injury pays maintenance and cure benefits to the seaman, the shipowner is entitled to contribution for maintenance and cure from a third-party joint tort-feasor whose negligence also contributed to the injury."); Dent v. Composite Structures, Inc., No. Civ. A. 8:07-274, 2009 WL 3837866, at *5 (M.D. Fla. Nov. 17, 2009) (denying third-party tortfeasor's motion for summary judgment on claim for indemnification and contribution for maintenance and cure because third-party tortfeasor "acknowledges that [shipowner/employer's] claims for indemnity and contribution are viable for maintenance and cure payments.").

12

Tasman Mermaid argues that the Court should not rely on Adams because the Fifth Circuit in Adams purportedly misapplied the United States Supreme Court's holding in Cooper Stevedoring Co. v. Fritz Kopke, Inc., 417 U.S. 106, 94 S. Ct. 2174, 40 L. Ed. 2d 694 (1974), in which the Supreme Court addressed contribution in the context of damages for personal injury, and not contribution toward the contractual obligation of a shipowner/employer to pay maintenance and cure.  (Def.'s Opp. Br. 11-12; Sur-Reply Br. of Def. Tasman Mermaid Schiffahrts in Opp. to the Mot. for Summ. J. of Def. McAllister Towing of Philadelphia, Inc. [Doc. No. 42] 2-3.) In Cooper Stevedoring, the Supreme Court considered the extent to which contribution between joint tortfeasors may be obtained in an action for personal injuries.  Cooper Stevedoring, 417 U.S. at 106-07, 94 S. Ct. 2174, 40 L. Ed. 2d 694.  The Supreme Court noted that "[w]here two vessels collide due to the fault of each, an admiralty doctrine of ancient lineage provides that the mutual wrongdoers shall share equally the damages sustained by each."  Id. at 110, 94 S. Ct. 2174, 40 L. Ed. 2d 694.  The Supreme Court further noted "the well-established maritime rule allowing contribution between joint tortfeasors."  Id. at 113, 94 S. Ct. 2174, 40 L. Ed. 2d 694. Although the court in Adams cited to Cooper Stevedoring, it did not rely solely on such decision in concluding that a third-party tortfeasor must contribute toward maintenance and cure payments

13

even when the shipowner is partially negligent.  <u>See</u> <u>Adams</u>, 640
F.2d at 621.  Rather, as noted above, the court in <u>Adams</u> relied on
its prior decision in <u>Savoie</u> and the "common sense principle" that
"a party whose neglect has in part contributed to the need for
maintenance and cure payments . . . should reimburse the costs of
those payments to the extent occasioned by its fault."  <u>Adams</u>, 640
F.2d at 621.  <u>Adams</u> only cited <u>Cooper Stevedoring</u> to note that this
"common sense principle" was "in accord with the general principle
in admiralty that requires contribution between those jointly at
fault or jointly responsible."  <u>Id.</u>  The Court thus rejects Tasman
Mermaid's argument that the decision in <u>Adams</u> is flawed because it
cites to <u>Cooper Stevedoring</u>.

    The Court finds that McAllister is entitled to contribution
from Tasman Mermaid for maintenance and cure payments made to or on
behalf of Plaintiff, notwithstanding that McAllister is fifty
percent liable for Plaintiff's injury.  As set forth above, the
Third Circuit in <u>Jones</u> established that an employer required to pay
maintenance and cure on behalf of an employee may recover those
payments from a third-party who caused the employee's injury.
Although <u>Jones</u> did not address whether such right to reimbursement
extends to cases in which the employer is partially responsible for
the injury to its employee, the Fifth Circuit in <u>Adams</u> concluded
that an employer is entitled to reimbursement under such

14

circumstances.   In accordance with the "common sense principle" articulated in Adams, the Court concludes that an employer's right to reimbursement for maintenance and cure, as established in Jones, is not extinguished when the employer is apportioned part of the fault.   Thus, an employer, even if partially liable for the injury to its employee, is entitled to reimbursement for maintenance and cure in accordance with the respective fault of the third-party tortfeasor.   Accordingly, the Court finds that McAllister is entitled to contribution from Tasman Mermaid, the third-party tortfeasor, to the extent of Tasman Mermaid's proportionate share of fault.[10]

---

10.   The Court notes Tasman Mermaid's argument that McAllister's crossclaim only seeks indemnification and/or contribution from any judgment entered against it, and does not specifically assert a claim for the maintenance and cure payments made to Plaintiff. (Def.'s Opp. Br. 5.)   Although McAllister does not specifically address this argument in its reply, it states that "[r]ather than leaving the plaintiff wanting for maintenance and cure both before and during the pendency of this suit, McAllister duly paid maintenance and cure to plaintiff even though the need for maintenance and cure payments arose due to an incident that was 50% caused by Tasman."   (McAllister's Reply Mem. of Law in Response to Tasman's Opp. to McAllister's Mot. for Summ. J. [Doc. No. 40] 6.)   The Court notes that Tasman Mermaid cites no authority to support its argument, and the cases cited by the Court above provide for a right to recover sums paid for maintenance and cure from a negligent third-party tortfeasor without specifying that such right of recovery only arises when maintenance and cure payments are made pursuant to a judgment. In fact, in Black, the employer voluntarily paid maintenance and cure to the plaintiff, and the Second Circuit nonetheless directed the third-party tortfeasor to pay a percentage of the maintenance and cure payments proportionate to its share of fault.   Black, 860 F.2d at 32, 35.   Moreover, the Third Circuit

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 16th day of August 2010,

**ORDERED** that the motion [Doc. No. 34] of Defendant McAllister Towing of Philadelphia, Inc. seeking summary judgment for its crossclaim for indemnity and/or contribution shall be, and is hereby, **GRANTED**, and Judgment shall be entered against Defendant Tasman Mermaid Schiffahrts and in favor of Defendant McAllister Towing of Philadelphia, Inc. in the amount of $116,513.51.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

---

has noted the "general rule" in admiralty cases that a cause of action for contribution arises when "the party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of a common liability." Sea-Land Service, Inc. v. United States, 874 F.2d 169, 171 (3d Cir. 1989) (in addressing statute of limitations for contribution claim, court found that plaintiff's contribution claim arose when it settled underlying action).  Thus, the Court finds that McAllister's right to contribution arose when McAllister made payments to or on behalf of Plaintiff, and it is immaterial that such payments were made voluntarily rather than pursuant to a judgment.

16